United States District Court
Southern District of Texas

**ENTERED**

July 24, 2026

Nathan Ochsner, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| Miguel Angel Pedraza Morelos, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-3236 |
| | § | |
| Randy Tate, *et al.*,[1] | § | |
| | § | |
| Respondents. | § | |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Miguel Angel Pedraza Morelos is a native and citizen of Mexico who concedes that he unlawfully entered the United States. Docs. 2 at 3, 2-1 at 4, 7 at 4, 7-1 at 2.[2] On February 24, 2026, he was detained by the Department of Homeland Security pursuant to 8 U.S.C. § 1225(b)(2)(A), and he remains in the custody of Respondent, Warden of the Montgomery Processing Center, in Conroe, Texas. Docs. 2 at 4, 2-1 at 6. Petitioner is in removal proceedings and has filed a Form 42B Application for Cancellation

---

[1] The Petition names Bret Bradford in his official capacity as Field Office Director for United States Immigration Customs and Enforcement's Enforcement and Removal Operations for the Houston area. *See* Doc. 2. Because Mr. Bradford ceased to hold office while this action remained pending, the Court substitutes his successor's name, Patrick Contreras. Fed. R. Civ. P. 25(d). The Clerk of Court is DIRECTED to update the docket sheet accordingly.

[2] The parties dispute how long Petitioner has been present in the United States. Petitioner alleges that he entered without inspection in 2002. Doc. 2 at 3; *see also* Doc. 8-1 at 9–41 (tax documents from 2002 to 2024 indicating presence in the United States). However, Petitioner has been charged as removable for unlawfully entering the country in *2024*. Docs. 7 at 4, 7-1 at 2. This dispute is immaterial because even on Petitioner's factual account (that he entered without inspection in 2002), the Court's constitutional analysis remains unchanged. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.")

of Removal and Adjustment of Status for Certain Nonpermanent Residents. Docs. 2 at 4–5, 7 at 4–5, 7-4 at 2.[3] Petitioner seeks a writ of *habeas corpus* under 28 U.S.C. § 2241 on the grounds that his present detention without a bond hearing violates (i) substantive due process; (ii) procedural due process; and (iii) the Fourteenth Amendment's Equal Protection Clause. Doc. 2 at 6–9.

Now before the Court is Respondents' Motion to Dismiss and, in the Alternative, for Summary Judgment, Doc. 7, to which Petitioner has responded in opposition, Doc. 8. Respondents maintain that Petitioner is not entitled to a bond hearing because he is an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A) and is therefore subject to mandatory detention pending his removal proceedings. *See* Doc. 7; *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

This Court has previously resolved the precise challenges raised by Petitioner, determining that the government may subject aliens awaiting a final removal order to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Campos Bernal v. Frink*, 4:26-cv-2239, 2026 WL 1804234 (S.D. Tex. June 23, 2026). The Court held that for aliens such as Petitioner, pre-removal-order detention is both demanded by the Immigration and

---

[3] The parties dispute Petitioner's family information. Petitioner alleges that he has a domestic partner of approximately twenty-one years with whom he has four U.S. citizen children. Docs. 2 at 3, 8 at 2–3, 8-1 at 4–7 (birth certificates). Respondents assert that ICE records from the date of Petitioner's detention on February 24, 2026, state that Petitioner is not married and has no children. Doc. 7 at 4; *see also* Doc. 7-3 at 2. This factual dispute is immaterial because even on Petitioner's account (that he has a domestic partner of approximately twenty-one years with whom he has four U.S. citizen children), the Court's constitutional analysis remains unchanged. *See Anderson*, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.").

Nationality Act and a constitutionally permissible part of the removal process. *See id.* at *1, *4 (citing *Demore v. Kim*, 538 U.S. 510, 531 (2003)).[4]

As such, Respondent's Motion for Summary Judgment is GRANTED, and the Petition for writ of *habeas corpus* is DENIED. This action is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to CLOSE this case. A final judgment will be entered separately.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 24th of July, 2026.

_____
Nicholas J. Ganjei
United States District Judge

---

[4] To the extent Petitioner argues his present detention constitutes "arbitrary and capricious" government action violative of the Fifth Amendment's Due Process Clause, *see* Doc. 2 at 9–10, the Court also considered and rejected this argument. *Campos Bernal*, 2026 WL 1804234 at *4 n.4.